UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CURTIS W. JOHNSON and CAROL Z. JOHNSON, Husband and Wife,<br><br>      Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; BANK OF AMERICA CORPORATION; CAPITAL ONE, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GREENPOINT MORTGAGE FUNDING, INC.; SUN VALLEY TITLE CO.; JOHN DOES 1-100; and CORPORATIONS A-Z, inclusive, and all persons claiming any legal or equitable right, title, estate, lien, or interest in the following parcel of real property in Blaine County, Idaho, described as Lot 2 of GOLDEN EAGLE RANCH SUBDIVISION, BLAINE COUNTY, IDAHO, as shown on the official plat thereof, recorded January 2, 1997 as Instrument No. 397902, and corrected by Surveyor's Affidavit recorded January 8, 1997, as Instrument No. 398090, records of Blaine County, Idaho,<br><br>      Defendants. | Case No. 1:11-CV-42-S-DVB<br><br>**MEMORANDUM DECISION AND ORDER** |

  This matter is before the court on defendants' motions to dismiss plaintiffs' Third

Amended Complaint. (Dkt. Nos. 61 & 62.) Following supplemental briefing by the parties, the

**Memorandum Decision and Order - 1**

court heard oral argument on the motions to dismiss on August 23, 2013. At the hearing, plaintiffs were represented by Benjamin W. Worst. Defendants[1] were represented by Kelly Greene McConnell. At the conclusion of the hearing, the court took the matter under advisement. Since then, the court has further considered the law and facts relating to the motion. Now being fully advised, the court enters this Memorandum Decision and Order.

## BACKGROUND

In June of 2005, plaintiffs obtained a loan from defendants in the amount of $1,963,500 to refinance the debt against their property in Blaine County, Idaho. Plaintiffs continued to make payments on this loan until approximately January 2009, at which time plaintiffs stopped making payments and attempted to secure a loan modification. Plaintiffs filed the present lawsuit against the defendants in early 2011, alleging generally that the plaintiffs' failure to honor the loan is the result of defendants' representations regarding ownership, servicing and modification of the loan.

On November 16, 2011, plaintiffs filed a Third Amended Complaint setting forth fourteen causes of action against the various defendants. (Dkt. No. 60.)[2] The defendants

---

[1] Bank of America, N.A. (individually and as successor by merger to BAC Home Loans Servicing, LP), Mortgage Electronic Registration Systems, Inc. ("MERS"), Capital One, N.A., GreenPoint Mortgage Funding, Inc., and Sun Valley Title Co., are collectively referred to as "defendants."

[2] On June 20, 2011, this court entered an Order granting, in part, defendants' motions to dismiss the First Amended Complaint. (Dkt. No. 36.) Plaintiffs were given leave to amend and filed a Second Amended Complaint. The defendants once again moved to dismiss. However, prior to the court's ruling on defendants' motions to dismiss the Second Amended Complaint, the plaintiffs filed a Third Amended Complaint, which is the subject of the present motion.

**Memorandum Decision and Order - 2**

responded by filing motions to dismiss the Third Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[3]

## DISCUSSION

After various rounds of briefing and oral arguments before the court, the plaintiffs have abandoned many of the causes of action set forth in the Third Amended Complaint. Through briefing and oral argument, plaintiffs have conceded that their claims are limited to the following: Count Five – Fraud; Count Ten – Truth in Lending Act (TILA) Violations; Count Eleven – Breach of Contract; and Count Thirteen – Real Estate Settlement Procedures Act (RESPA) Violations.

With regard to Count Five – plaintiffs' cause of action alleging fraud – the court finds defendants' arguments are well taken. Fraud claims are held to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires particular averments regarding each defendant's participation in the alleged fraudulent scheme. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1981). Failure to plead allegations of fraud with the required factual specificity provides a sufficient basis for dismissal. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1108 (9th Cir. 2003). Because plaintiffs' claims alleging fraud fail to satisfy these pleading requirements, plaintiffs' fraud claims are dismissed.

---

[3] The defendants were initially represented by separate counsel. Defendants Capital One N.A., and GreenPoint Mortgage Funding, Inc. filed a motion to dismiss the Third Amended Complaint on November 30, 2011. (Dkt. No. 61.) Defendants BAC Home Loans Servicing, L.P., Bank of America Corporation, Bank of America, N.A., and Mortgage Electronic Registration Systems Inc. filed a motion to dismiss on December 7, 2011. (Dkt. No. 62.) All defendants are now represented by Givens Pursley L.L.P. (Dkt. No. 79, Substitution of Counsel for Defendants Capital One, N.A. and GreenPoint Mortgage Funding, Inc., filed on June 11, 2012.)

**Memorandum Decision and Order - 3**

As to the remaining claims, which include Count 10 (TILA Violations), Count 11 (Breach of Contract), and Count 13 (RESPA Violations), the court finds they have been sufficiently pled and may proceed to discovery.

## **ORDER**

Accordingly, and for the reasons stated herein, defendants' motions to dismiss (Dkt. Nos. 61 & 62) are GRANTED with respect to all claims, with the exception of the following three: Count 10 (TILA Violations); Count 11 (Breach of Contract); and Count 13 (RESPA Violations).

At the August 23, 2013 oral argument on the motions to dismiss, both plaintiffs and defendants indicated that these remaining claims may be suitable for disposition via summary judgment.  In light of the prolonged history of this case, in the event the parties wish to pursue these remaining claims through a motion for summary judgment, they are directed to file, within 45 days of the date of this Order, their respective summary judgment motions and accompanying memoranda in accordance with the local rules.

It is so ordered.

DATED this 30th day of September, 2013.

_____
Dee Benson
United States District Judge