# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **CURTIS W. JOHNSON and CAROL Z. JOHNSON**, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**BANK OF AMERICA, N.A., et. al.,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. **1:11-cv-00042**<br><br>**United States District Court Judge Dee Benson** |

On November 16, 2011, Plaintiffs Curtis and Carol Johnson ("Plaintiffs") filed their Third Amended Complaint asserting fourteen causes of action against Defendants Bank of America, N.A, for itself and as successor by merger to BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., Capital One, N.A. and GreenPoint Mortgage Funding, Inc. (collectively "Defendants") (doc. 60). Plaintiffs' claims generally stem from a November 2, 2005, loan ("Loan") acquired from GreenPoint Mortgage Funding in the amount of $1,963,500.00 (doc. 60), and a January 7, 2010, Loan Modification Agreement entered into between Plaintiffs and BAC Home Loans Servicing. *Id*.

## I. Background

On September 30, 2013, this Court dismissed eleven of Plaintiffs' causes of action leaving only three claims remaining: (1) Truth In Lending Act Violations (Count 10); (2) Breach of Contract (Count 11); and (3) Violation of the Real Estate Settlement Procedures Act

(Count 13) (Doc. 99).[1]  The Court further directed the parties to file their respective motions for summary judgment within forty-five days of the Court's decision.

Thereafter, on December 9, 2013, Defendants filed a "Motion for Summary Judgment" as to Plaintiffs' three remaining causes of action (doc. 108).  Plaintiffs responded by filing a "Motion For Order Compelling Discovery Responses" asserting that without "reasonable" discovery responses they were unable to move forward with summary judgment (doc. 111, pg. 2); *see also,* Affidavit of Benjamin Worst (doc.111-1).  Defendants opposed Plaintiffs' discovery request, characterizing the motion as "nothing more than delay and harassment tactics" (doc. 113, p. 9).

On February 10, 2014, the Court issued an Order denying the "Motion For Order Compelling Discovery Responses" without prejudice and granting Plaintiffs leave to re-file (doc. 118).  The Court instructed that any re-filed motion should specifically address the basis for each of Plaintiffs' discovery requests and explain why Defendants' responses to the requests are inadequate.

## II.  Plaintiff's Motion For Order Compelling Discovery Responses

On February 18, 2014, Plaintiffs filed their currently pending "Motion For Order Compelling Discovery Responses And Motion For Attorney Fees" seeking an Order of the Court compelling:  (1) Defendant Bank of America to answer Plaintiffs' Second Discovery Request

---

[1] In its Memorandum Decision and Order the Court dismissed and/or the Plaintiffs abandoned the following causes of action from their Third Amended Complaint:  Declaratory Action (Count 1), Quiet Title (Count 2), Slander of Title (Count 3), Fraud: MERS (Count 4), Fraud: BAC (Count 5), Fraud-Capital One (Count 6), Unjust Enrichment (Count 7), Breach of the Covenant of Good Faith and Fair Dealing (Count 8), Duress and Unconscionability (Count 9), Fair Debt Collection Practices Act Violations (Count 12) (Document Number 60).

Interrogatories 1 through 7, 9 through 21 and Requests for Production 1 through 30; (2) Defendant Greenpoint Mortgage Funding, Inc. to answer Plaintiffs' Third Discovery Request Interrogatories 18, 19, 21, 23, 24, 25 and Request for Production 16-36; (3) Defendant Capital One, to answer Plaintiffs' Third Discovery Request Interrogatories 18, 19, 21, 23, 24 and 25 and Requests For Production 16-36; and (4) reasonable fees and costs incurred (doc. 125). Absent this information, Plaintiffs assert that they are unable determine what material facts remain in dispute and cannot properly file or oppose a motion for summary judgment. Defendants counter that the Plaintiffs' discovery requests have no bearing on the remaining causes of action and all relevant information is currently in the Plaintiffs' possession (doc. 126).

### III. Analysis

Despite the Court's instruction, Plaintiffs' second discovery motion fails to specifically address each discovery request or to clearly identify why Defendants' responses are inadequate. Instead, the motion loosely connects some of its discovery requests with general questions posed in a section of the memorandum entitled "Specific Information Needed" (doc. 125). Because it is not the role of the Court to construct arguments regarding each of Plaintiffs' individual discovery requests, the Court generally analyzes Plaintiffs' motion in the context of the three remaining causes of action.

The Court is mindful that Federal Rule of Civil Procedure 26(b) permits discovery into "any matter, not privileged that is relevant to the claim or defense of any party" Fed. R. Civ. P. 26(b). Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." *Id*. While the definition of relevance is broad, "district courts are given wide discretion to apply the discovery rules in a way that will achieve the policy

of the Federal Rules of Civil Procedure; namely to 'secure the just, speedy, and inexpensive determination of every action.'" *Searcy v. Thomas,* 2012 U.S. Dist. LEXIS 152917 *7-8 (D. Idaho, Oct. 23, 2012) (citing, Fed. R. Civ. P. 1)).

**Count 10: Truth In Lending Act Violations ("TILA")**

In support of their TILA claim Plaintiffs assert: (1) although BAC Home Loans Servicing identifies itself as the "Lender" in the modification, it is not clear who the lender actually is (doc. 60, ¶210); (2) the loan modification documents do not state the last date on which Plaintiffs could rescind the loan agreement without penalty (doc. 60, ¶212); (3) in conjunction with the modification, BAC Home Loans Servicing failed to disclose the amount financed, the annual percentage rate, the finance charge, and an itemization of the amount financed (doc. 60, ¶214); (4) on December 31, 2012, and June 1, 2011, the monthly payment under the loan failed to adjust down (doc. 60, ¶¶215-217); (5) Defendants failed to acknowledge Plaintiffs' rescission of the loan modification agreement (doc. 60, ¶¶218-220); and (6) Plaintiffs did not receive a Notice of New Creditor from Capital One (doc. 60, ¶¶222-225).

Generally, Plaintiffs contend that discovery related to three main issues is still needed:

(1) ownership of the Loan;[2] (2) the identity of the creditor under the loan modification;[3] and (3) Plaintiffs' ability to rescind the loan modification[4] (doc. 125). Setting aside the issue of the relevance,[5] the Court finds that Defendants have met their discovery obligations regarding the ownership of the Loan. While Plaintiffs' assert that "[o]wnership of the note can only be resolved by complying with the [d]iscovery [r]equests" (doc. 128, p. 2), the Court concludes that Defendants have complied with the discovery requests and provided the necessary information related to ownership, *see* Green Point Mortgage Funding Inc.'s Response To Plaintiffs' First Discovery Requests, Answer to Interrogatory Number 6 at 11 (doc. 126, p. 26) and Bank of

---

[2]The ownership of the Loan issue is raised under the headings: "Information to demonstrate the history of the ownership of the Loan and the identity of the creditor in the Modification," "What is CWA PVT 1130," and "Why does BACHLS Document No. 000192 state 'Previous owner Name: Greenpoint/Capita: 88143847". In relation to these issues, Plaintiffs generally reference: Capital One and GreenPoint Mortgage Funding's Answer to Interrogatory 2, and 18, BAC Home Loan Servicing's Answer to Interrogatory No. 16, Bank of America's Answers to Interrogatory Nos. 4, 5, 6, 7, 11, Bank of America's Requests For Production Numbers 15, 16, 17 and 18 and 23, and Capital One and GreenPoint Mortgage Funding's Answers to Requests For Production 16, 17, 18, 23, 24 and 33 (doc. 125, pgs. 12-14).

[3]Plaintiffs raise the identity of the creditor issue under the heading "Who was the lender in the modification?" and generally reference the following discovery requests related thereto: Bank of America's Answers to Interrogatory Number 10, 12, 18 and 20, Bank of America's Requests for Production Numbers 4, 8, 10, 18, 20, Capital One and GreenPoint Mortgage Funding's Answers to Interrogatory Number 19 (which related to Interrogatory 10), and BAC Home Loan Servicing Answer to Interrogatory Number 12 (doc 125, pgs. 14-16).

[4]This issue is addressed under "When did Capone receive notice of the Johnsons' rescission of the Modification?" and generally references the following discovery: Capital One and GreenPoint Mortgage Funding's Answers to Interrogatory Numbers 9, 12, 14, and 23, Capital One and GreenPoint Mortgage Funding's Answers to Requests for Production Numbers 21, 22, 34 and 35, Bank of America's Answer to Interrogatory Numbers 4, 6, 8, 13, 17, Bank of America's Answers to Requests for Production Numbers 12, 15, 16, Bank of America Home Loan Servicing's Answers to Interrogatory Numbers 4, 6, 8 (doc 125, pgs. 17-18).

[5]Defendants assert that the Plaintiffs' need to obtain loan ownership information is no longer relevant because their ownership claims, as set forth in their causes of action for declaratory relief and quiet title, were previously dismissed by the Court (doc. 126).

America, N.A's Responses to Plaintiffs' Second Discovery Requests, Response to Request for Admission No. 37 at 49-50, including allowing inspection of the original Note (doc. 126). Plaintiffs fail to indicate why the information provided is insufficient and the Court finds that Plaintiffs' "Specific Information Needed" inquiries are more aptly described as challenges to the information provided as opposed to a failure to actually receive relevant and discoverable information.

Regarding the identity of the parties involved in the loan modification, Defendants admit and have provided information showing that BAC Home Loans Servicing LP was the "Lender" and that Bank of America was the "servicer of the [Plaintiffs'] Loan from November 2008 to October 2011." *See* Defendant Bank of America, N.A.'s Responses to Plaintiffs' Second Discovery Request, Responses to Requests for Admissions 7 and 37 (doc. 111-2). Additionally, Defendants have provided information related to what they claim are two erroneous Notices of New Creditor that were received by Plaintiffs.[6] Finally, information regarding Plaintiffs' ability to rescind the modification is related to the terms of the agreement itself and is information already within the possession of Plaintiffs.[7]

**Count 11: Breach of Contract**

---

[6] The focus of Plaintiffs' inquiry being on the validity of the discovery provided, as opposed to any failure to actually have the information, is further borne out by Plaintiffs' claims that they are to take Defendants' "word" that the Notices of New Creditor were provided in error (docs. 125, 128).

[7] Defendants further assert that issues surrounding Defendants' violation of TILA's disclosure requirements pertaining to the right to rescind are no longer relevant since Plaintiffs' admitted in deposition that the modification was an extension of their original loan and not a refinancing. *See* 12 C.F.R. § 226.20(a) (defining a refinancing as that which occurs when "an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same consumer.").

In support of their claim for breach of contract, Plaintiffs allege that Defendants breached the Loan Modification Agreement by: (1) failing to properly adjust the interest rate (doc. 60, ¶233); (2) failing to send the Plaintiffs a notice of any changes in their interest rate (doc. 60, ¶236); (3) informing Plaintiffs that Capital One stopped servicing non-commercial loans in March, 2009 (doc. 60, ¶¶238-239); and (4) returning Plaintiffs' mailed correspondence to Capital One, seeking information about their Loan, as "non-deliverable" (doc. 60, ¶240).

Upon review, the Court concludes that the information relevant to Plaintiffs' breach of contract claim has been provided to the is already in the Plaintiffs. At issue is the language of the Loan Modification Agreement itself and the inclusion or absence of specific information and provisions. Plaintiffs fail to identify any additional discovery that is relevant to this claim, and the Court concludes that no further discovery is needed.

**Count 13: Violation of the Real Estate Purchases Act ("REPA")**

Plaintiffs allege that in response to their Qualified Written Request ("QWR"), Defendants falsely stated that Capital One was the "owner" of the Loan (doc. 60, ¶251)[8] despite the fact that: (1) Capital One represented it did not become owner of the loan until July 16, 2011 (doc. 60, ¶253); (2) Capital One documents show that North Fork Bank actually owned the loan on November 8, 2010 (doc. 60, ¶254); and (3) Plaintiffs' correspondence mailed to Capital One was returned without providing any information about an individual who could provide assistance

---

[8]Plaintiffs address Capital One's ownership of the Loan under the heading "What is a 'purchaser of a closed loan' and from whom did 'Countrywide/Bank of America purchase this 'closed loan?'" and generally reference the following discovery: Capital One and GreenPoint Mortgage Funding's Answers to Interrogatory Numbers 21and 24, Bank of America's Answers to Interrogatory Numbers 15 and 18, Capital One and GreenPoint Mortgage Funding's Answers to Requests for Production 25 and 29, and Bank of America's Answer to Request for Production 21 (doc. 125, p. 17).

(doc. 60, ¶¶255-56).

Despite Plaintiffs' assertion that they are entitled to information regarding "what mortgage backed securities the Loan is a part of" and "how two entities other than Capone owned an interest in the Loan during a period when Capone maintains that it owned the Loan," Plaintiffs' RESPA claims are limited to that which is pled in their Complaint; namely, the claim that Defendants erroneously informed Plaintiffs that Capital One was the owner of the Loan (doc. 125, pg. 9). As discussed, Defendants have provided discovery related to ownership of the Loan, *see* Green Point Mortgage Funding Inc.'s Response To Plaintiffs' First Discovery Requests, Answer to Interrogatory Number 6 at 11 (doc. 126, p. 26) and Bank of America, N.A's Responses to Plaintiffs' Second Discovery Requests, Response to Request for Admission No. 37 at 49-50, in addition to discovery indicating that the Loan was not securitized. *See* Bank of America, N.A.'s Responses to Plaintiffs' Second Discovery Request, Response to Request for Admission No. 2 at 32-33 (denying that the loan was securitized); GreenPoint Mortgage Funding, Inc.'s Responses to Plaintiff's First Discovery Requests, Answer to Interrogatory Nos. 9 and 12 ("Plaintiffs' loan was not and is not part of a securitization"), Answer to Request for Admissions Nos. 2 and 4. Accordingly, the Court finds that no further discovery related to Plaintiffs' RESPA claim is necessary.

Overall, the discovery in this case must be reasonably calculated to lead to evidence that is relevant to the three remaining causes of action. The Court is required to deny a motion to compel "if the information requested falls outside the scope of discovery." *See, Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 438-39 (9th Cir. 1992). Here, the information sought by the Plaintiffs is not related to the remaining causes of action and is outside

the scope of discovery. While Plaintiffs may be dissatisfied with the content of the information received, the information has been provided and any challenges to the veracity, validity or weight to be given that information should be addressed in the context of a dispositive motion. Accordingly, Plaintiffs' Motion To Compel Discovery is denied and the matter should proceed to summary judgment.

### III.  Order

For the reasons now stated herein,

Plaintiffs' Second Motion To Compel Discovery is denied (doc. 125).

Plaintiffs' and Defendants' respective requests for attorney fees are denied (doc. 125, 126).

Plaintiffs are hereby ordered to file their opposition to Defendants' pending Motion For Summary Judgment (doc. 108) within twenty-eight (28) days from the date of this Order.

DATED this 26th day of March, 2014.

_____
Dee Benson
United States Federal Judge