IN THE UNITED STATES COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CURTIS W. JOHNSON and CAROL Z. JOHNSON, husband and wife,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br><br><br>Case No. 1:11-CV-42<br><br>Judge Dee Benson |

      This matter is before the court on Defendants' Motion for Summary Judgment (Dkt. No. 108), Plaintiffs' Motion for Summary Judgment (Dkt. No. 131), and Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 143). On August 19, 2014, the court heard oral argument on the motions. Plaintiffs were present and represented by Benjamin W. Worst. Defendants were represented by Christing M. Neuharth and Kelly Greene McConnell. At the conclusion of the hearing, the court took the matter under advisement, encouraged the parties to negotiate an out-of-court resolution, and informed the parties that if they were unable to resolve the matter by September 15, 2014, the court would issue a written Order. The deadline set by the court having now past, the court enters the following Order GRANTING Defendants' Motion for Summary

Judgment, DENYING Plaintiffs' Motion for Summary Judgment, and finding Plaintiffs' Motion for Preliminary Injunction MOOT.

## BACKGROUND

The factual background of this case is well-established.  During the three years this case has been pending, the facts have been recited in great detail within the prior memoranda of the parties and prior decisions of this court, and need not be repeated here.  The relevant facts are essentially undisputed.  What remains disputed, however, are the legal conclusions the court should draw from those facts.

Additionally, this court has dismissed and/or the plaintiffs have abandoned the majority of the 13 causes of action set forth in the initial Complaint.[1]  Only two causes of action remain: Count 10 - Violation of the Truth in Lending Act (TILA); and Count 13 -Violation of the Real Estate Settlement Procedures Act (RESPA).[2]  For the reasons stated below, the court grants defendants' motion for summary judgment on the two remaining causes of action.

---

[1] On September 30, 2013 this court granted, in part, defendant's motion to dismiss.  At that time, the court dismissed and/or the plaintiffs abandoned the following causes of action: (1) Count One – Declaratory Relief; (2) Count Two – Quiet Title; (3) Count Three – Slander of Title; (4) Counts  Four through Six – Fraud; (5) Count Seven – Unjust Enrichment; (6) Count Eight – Breach of Covenant of Good Faith and Fair Dealing; (7) Count Nine – Duress and Unconscionability; and (8) Count Twelve – Fair Debt Collection Practices Act Violations.

[2] In addition to plaintiffs' TILA and RESPA claims, plaintiffs' breach of contract claim also survived the court's September 30, 2013 ruling on defendants' motion to dismiss.  However, at the August 19, 2014 oral argument plaintiffs' counsel informed the court that the breach of contract claim and the TILA claim are the same.

## **DISCUSSION**

TILA

Plaintiffs' TILA cause of action cannot survive as a matter of law because it is based on the faulty premise that the loan modification was a "refinancing" with a "new extension of credit" triggering new TILA disclosures and a renewed right to rescind.

The court finds, as a matter of law, that TILA does not apply in this case. The modification of plaintiffs' loan was not a refinancing or an extension of new credit triggering disclosure obligations under TILA. Rather, the modification merely re-negotiated the terms of plaintiffs' existing loan. It is well-established that a loan modification is exempt from TILA disclosure requirements when it does not constitute either an extension of credit or a refinancing. De Jose v. EMC Mortg. Corp., 2011 WL 1539656, at *7 (N.D. Cal. 2011) ("TILA disclosures do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan."). Although the amount defined in the Modification as the "unpaid principal balance" was larger than the original principal amount, the Modification makes clear that this difference was due to "past due principal payments, interest, fees and/or costs capitalized to date," and was not an extension of new credit. (Defendants' Facts, #37, Third Amended Verified Complaint, Exh. E, ¶1.)

With regard to plaintiffs' claim that defendants violated Section 1641(g) of TILA by failing to issue a Notice of New Creditor, the evidence shows that plaintiffs' loan was last transferred in 2007, before Section (g) of the TILA statute imposed a requirement to issue a Notice of New Creditor.

RESPA

Plaintiffs' RESPA cause of action fails as a matter of law because the evidence shows that defendants' response to plaintiffs' purported qualified written request ("QWR") was adequate to satisfy the Act.  Plaintiffs' assertion that the defendants' responses were false is based on conjecture and not supported by evidence.  Consequently, the court finds that no reasonable jury could find that the information provided by the defendants was false.  In addition, plaintiffs have failed to show that they suffered any damages as a result of the alleged RESPA violation.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is GRANTED, plaintiffs' motion for summary judgment is DENIED, and plaintiffs' motion for preliminary injunction is MOOT.

DATED this 16th day of September, 2014.

_____
Dee Benson
United States District Judge