IN THE UNITED STATES COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CURTIS W. JOHNSON and CAROL Z. JOHNSON, husband and wife,<br><br>Plaintiffs,<br><br><br><br><br><br>vs.<br><br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING PLAINTIFFS' MOTION<br>TO VOID ORDER GRANTING<br>SUMMARY JUDGMENT OR,<br>IN THE ALTERNATIVE,<br>TO RECONSIDER ORDER<br><br><br><br><br>Case No. 1:11-CV-0042<br><br>Judge Dee Benson |

This matter is before the court on plaintiffs' "Motion to Void Order Granting Summary Judgment or, in the Alternative, to Reconsider, Modify, Amend or Alter Said Order." (Dkt. No. 156.) Defendants filed a timely opposition to the motion (Dkt. No. 160), and the deadline for filing a reply, as set forth in the Federal Rules of Civil Procedure, has passed. Accordingly, plaintiffs' motion is ready for decision.[1]

---

[1] Plaintiffs also filed an "Ex Parte Motion to Reopen Case" for purposes of considering the motion that is presently before the court. (Dkt. No. 159.) In light of this Memorandum

Having considered plaintiffs' motion and supporting memorandum, as well as the defendant's opposition thereto, the court now enters the following Memorandum Decision and Order.

**DISCUSSION**

I. The Automatic Stay in Bankruptcy Does Not Void This Court's Summary Judgment Order

Plaintiffs assert that this court's September 16, 2014 Order granting summary judgment in favor of defendants is void. Specifically, plaintiffs contend the Order is void because it was entered in violation of the "automatic stay" triggered by the filing of plaintiffs' bankruptcy petition on September 9, 2014. Plaintiffs' argument relies on Chapter 11 of the United States Code, section 362(a), which provides for a stay of all "judicial, administrative, or other action[s] or proceeding[s] against the debtor" brought before the debtor filed for bankruptcy.

The court acknowledges and agrees, generally, with plaintiffs' assertion that the Bankruptcy Code "directs that all judicial actions to recover on a claim against the debtor are stayed" upon the debtor's filing. (Pls.' Mem. In Supp. at 2.) However, as defendants point out in their opposition, numerous courts have also concluded that a debtor cannot employ the automatic stay in bankruptcy in an offensive posture. (Defs.' Mem. In Opp'n at 3 & n.5 (listing numerous United States Circuit Court and District Court decisions).) In other words, the plain language of 11 U.S.C. § 362(a)(1) provides that the filing of a bankruptcy petition only initiates a stay with respect to actions or proceedings *against* a debtor, not actions or proceedings pursued

---

Decision and Order, addressing the merits of plaintiffs' "Motion to Void Order Granting Summary Judgment or, in the Alternative, to Reconsider, Modify, Amend or Alter Said Order," the court concludes that plaintiffs' "Ex Parte Motion to Reopen Case" is MOOT.

*by* a debtor against another party. See Phillips v. World Publ'g Co., 822 F. Supp. 2d 1114, 1122 (W.D. Wash. 2011) ("A bankruptcy filing automatically stays any judicial . . . action or proceeding against the debtor, but not actions or proceedings brought by the debtor."); see, e.g., Gerth v. American Mortg. Express Fin., 2011 WL 1004693, *2 (S.D. Cal. March 18, 2011) ("The automatic stay does not apply to offensive actions brought by a debtor and does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action." (citations and quotation marks omitted)).

In this case, the only claims that remained to be decided by the court's September 16, 2014 Order were plaintiffs' claims for alleged violations of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). Both the TILA and RESPA claims were brought *by* the plaintiffs *against* the defendants. In fact, throughout the lengthy history of this litigation, the defendants have never asserted any counterclaims against plaintiffs. Accordingly, because neither of the claims decided in the court's September 16, 2014 Order were "against the debtors" (the plaintiffs in this proceeding), the court concludes – based on the plain language of Bankruptcy Code section 326(a)(1) and the legal authority cited herein – that the September 16, 2014 Order granting summary judgment in favor of defendants is not void.

　　　　II.　　　Plaintiffs Have Failed to Provide a Sufficient Basis for Reconsideration

Next, plaintiffs assert that if the court "does not acknowledge that its order granting summary judgment is void," then alternatively the court should reconsider its order. (Dkt. 157 at 3.) Although plaintiffs fail to provide the legal authority that provides the basis for the motion to reconsider, federal courts often apply Federal Rule of Civil Procedure 59(e) or 60(b). Under

either rule, plaintiffs have failed to provide a sufficient basis for this court to reconsider its September 16, 2014 Order.

Rule 59(e)

Rule 59(e) provides that a party may request that a district court alter or amend its judgment by filing a motion within 28 days of the entry of the judgment. Fed.R.Civ.P. 59(e). However, Rule 59 is not intended to provide litigants with a "second bite at the apple." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Accordingly, "[w]here Rule 59(e) motions are merely being pursued 'as a means to reargue matters already argued and disposed of . . . such motions are not properly classifiable as being motions under Rule 59(e)' and must therefore be dismissed." American Independence Mines & Minerals Co. v. USDA, 733 F. Supp. 2d 1241, 1259-60 (D. Idaho 2010). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Gov't, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

As a result, a court should only exercise its discretion to alter or amend its judgment when "'(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" SEC v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010).

Rule 60(b)

Similarly, a court may grant a party relief from a final judgment under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

4

discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b). The catch-all provision of Rule 60(b)(6) – any other reason that justifies relief – is not as broad as it sounds. To fall within the "limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012).

Like Rule 59(e), "[j]udgments are not often set aside under Rule 60(b)(6) . . . the Rule is 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action or to prevent or correct an erroneous judgment." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)

Applying these principles to plaintiffs' motion to reconsider, the court finds that plaintiffs have failed to invoke any basis upon which Rule 59(e) or 60(b) would give this court discretion to reconsider its Order. The plaintiffs' state as the basis for the motion to reconsider: "It is the impression of the plaintiffs that their presentation of the case to the Court may have been unclear. Otherwise, it is believed by the plaintiffs that the Court would not have ruled in favor of the defendants." (Pls.' Mem. In Supp. at 2.) Plaintiffs then attempt to support this basis for reconsideration by setting forth claims and theories that are identical to those previously argued and ultimately decided by this court in the September 14, 2014 Order granting defendants' motion for summary judgment. As previously stated, a motion to reconsider is not a "means to

5

reargue matters already argued and disposed of." American Independence Mines, 733 F. Supp. 2d at 1259. And plaintiffs' "impression" that the that the outcome would have been different if the presentation of the case had been more clear is simply insufficient to satisfy the high bar that movants must clear to prevail on a motion for reconsideration. In sum, plaintiffs have failed to meet the standards for reconsideration.

## **CONCLUSION**

Therefore, and for the reasons set forth above, it is hereby ORDERED: Plaintiffs' Motion to Void Order Granting Summary Judgment or, in the Alternative, to Reconsider, Modify, Amend or Alter Said Order is DENIED. Plaintiffs' Ex Parte Motion to Reopen Case is MOOT.

DATED this 25th day of November, 2014.

_____
Dee Benson
United States District Judge